Martha OROSCO–LOPEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–73199.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 7, 2006.

James Todd Bennett, Esq., El Cerrito,
CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Respondent.

Before: T.G. NELSON, GOULD, and
CALLAHAN, Circuit Judges.

## MEMORANDUM **

Petitioner Martha Orosco–Lopez, an undocumented alien from Mexico, was placed in removal proceedings in 1999, conceded removability and requested cancellation of removal and voluntary departure, relief that the immigration judge ("IJ") denied. The IJ found that Petitioner was statutorily ineligible for relief because the IJ had reason to believe that Petitioner was involved in drug trafficking based on state court documents indicating that Petitioner was convicted of possession for sale of a controlled substance under section 11351

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of the California Health and Safety Code. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

To be eligible for cancellation of removal or voluntary departure, an alien has the burden to demonstrate, *inter alia,* that she had good moral character during the relevant period. *See Tapia v. Gonzales,* 430 F.3d 997, 998 n. 1 (9th Cir.2005); 8 U.S.C. §§ 1229b(b)(1)(B); 1229c(b)(1)(B). Where the IJ "knows or has reason to believe" that an alien "is or has been an illicit trafficker in any controlled substance," the alien is per se excluded from eligibility for relief. *See* 8 U.S.C. §§ 1101(f)(3); 1182(a)(2)(C)(i). The IJ may determine an alien is statutorily ineligible even where the alien has not been convicted of a drug trafficking offense. *See Lopez–Umanzor v. Gonzales,* 405 F.3d 1049, 1053 (9th Cir. 2005) ("Section 1182(a)(2)(C) does not require a conviction, but only a 'reason to believe' that the alien is or has been involved in drug trafficking.").

The IJ's decision that there was reason to believe that Petitioner was a drug trafficker was supported by substantial evidence. The IJ concluded that Petitioner pled guilty to and was convicted of possession for sale of a controlled substance in light of an Information alleging the controlled substance violation, a February 14, 2002 minute order issued by a Fresno County Superior Court indicating that Petitioner had "waive[d] time for sentencing," and the fact that Petitioner had been engaged in on-going plea negotiations.[1] The

minute order indicated that a judgment had been entered against Petitioner and that the only remaining issue was sentencing. Because the Government is not required to prove the conviction under section 1 182(a)(2)(C), this evidence provided a substantial basis for the IJ's conclusion. Moreover, Petitioner did not rebut the Government's evidence of a conviction where Petitioner had the ultimate burden to prove good moral character. *See Lopez–Molina v. Ashcroft,* 368 F.3d 1206, 1211 (9th Cir.2004) (upholding denial of cancellation of removal without conviction where petitioner neither testified nor submitted evidence to rebut the facts in Government documents indicating involvement in drug trafficking). The record here does not compel a contrary conclusion to that reached by the IJ. *See* 8 U.S.C. § 1252(b)(4)(B).

Finally, we reject Petitioner's claim under the Tenth Amendment that removal interfered with an on-going criminal investigation by state law enforcement. Petitioner's removal pursuant to federal immigration law did not unconstitutionally hinder state law enforcement efforts.

PETITION DENIED.

---

1. Petitioner asserts a meritless claim that a conviction of possession for sale of a controlled substance is not an aggravated felony and cannot be the basis for an ineligibility finding because a drug trafficking offense by definition features a firearm element. The IJ's determination that Petitioner was statutorily ineligible for relief hinged on a finding that she could not show good moral character due to her involvement in drug trafficking activities under 8 U.S.C. §§ 1101(f)(3) and 1182(a)(2)(C)(i), not because Petitioner was convicted of the aggravated felony of drug trafficking. The IJ explicitly stated that the aggravated felony issue was immaterial to her ruling. *See* 8 U.S.C. §§ 1229b(B)(1)(B) and (C) (listing good moral character and no conviction of aggravated felony as separate requirements for eligibility).